## CHRIS. McLAUGHLIN v. S. McLAUGHLIN, EXRX.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF CLARION COUNTY.

Argued October 5, 1891—Decided January 4, 1892.

In assumpsit for the breach by plaintiff's father of an express contract to compensate the plaintiff for his services either in money or land, there being direct and sufficient evidence of the contract alleged, of performance by the plaintiff, and of non-performance by the father, it was not error to refuse a binding instruction for the defendant.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 182 October Term 1890, Sup. Ct.; court below, No. 177 November Term 1888, C. P.

On October 10, 1888, Chrysostom McLaughlin brought assumpsit against Sarah McLaughlin, executrix of the will of Charles McLaughlin, deceased. Issue.

At the trial, on August 11, 1890, the plaintiff introduced direct testimony to the effect that in 1871, his father Charles McLaughlin, was very much in debt; that his sons had all left him, save the plaintiff; that the plaintiff, then twenty-three years of age, also determined to go away, and went to a friend's house; that his father followed him, and told him that he was in debt and not able to work, and that if the plaintiff went away it would leave him in a bad shape; that he said to the plaintiff, in the presence of witnesses testifying, that if the plaintiff would go back home, work as he had theretofore done and help him pay his debts, he would compensate him either in money or land, and in any event he would give him one half the farm at his death; that, accepting this proposition, the plaintiff returned home and helped on the farm until all his father's debts were paid, to wit, in 1875, and in fact remained up to the time of his father's death, or for a period of about seventeen years. It was shown also, that in May, 1871, the plaintiff's father called in a surveyor and had one half the farm run off; and that he subsequently made a deed therefor to the plaintiff, but never delivered it, and died in 1888 without having paid for the plaintiff's services, either in money or land. On the part of the defendant, testimony was introduced tending to show that the plaintiff was intemperate; that he frequently became intoxicated and went away, remaining absent for months at a time,—in one instance for two years; and that when absent he worked for others, and on his return home worked for his father for wages, or on the shares.

The court, WILSON, P. J., submitted the case to the jury, on the evidence, and answered certain of the points for instruction as follows:

2. Under the pleadings and evidence in this case, the jury cannot, in any event, allow the plaintiff for the value of services rendered by him to his father after the time in 1874 or

1875, whichever it was, when the undisputed evidence shows that the father's debts were paid.

Answer: This point is affirmed; and it may also be stated that there can be no recovery for a date, under this point, after the first day of January, 1876.

3. If the plaintiff can recover at all, the measure of damages is not the value of the land but only the value of the services rendered by the plaintiff under and in pursuance of the alleged contract, in no event to exceed the value of the land at the death of Charles McLaughlin.

Answer: That point is affirmed; and it may be stated in addition thereto that if you so find, it may be added, with interest from the date of the death of Charles McLaughlin.

4. The right of the plaintiff to recover cannot be made out by mere preponderance of evidence as in ordinary civil actions.

Answer: Affirmed.

5. The plaintiff cannot recover, unless he has established the existence of the contract sued upon by clear, direct, positive, express and unambiguous evidence.

Answer: Affirmed.

6. If the jury find that the evidence offered by the plaintiff to establish the alleged contract between him and his father, is uncertain, ambiguous and indefinite, there can be no recovery.

Answer: Affirmed.

7. On the whole evidence, the verdict must be for the defendant.

Answer: Refused.[1]

The questions for the consideration of the jury are: (1) Was there a contract between the parties; and if so, what was it? (2) Was it performed by the plaintiff? (3) Was there a breach of it by the decedent? If you determine these questions in the affirmative, then the next thing to be considered is the damages; and in doing so, you will estimate and compute them in accordance with the instructions heretofore given you. If you find from the proofs that there was no such contract as the law requires, as explained in the points presented by the counsel and the answers thereto by the court, then you will return a verdict for the defendant.

—The jury returned a verdict for the plaintiff for $2,154.60. Judgment having been entered, the defendant took this appeal, assigning for error:

1. The answer to defendant's point.[1]

*Mr. B. J. Reid* (with him *Mr. F. J. Maffett*), for the appellant.

Counsel cited: Bash v. Bash, 9 Pa. 260; McCue v. Johnston, 25 Pa. 308; Graham v. Graham, 34 Pa. 480; Wall's App., 111 Pa. 460.

*Mr. John W. Reed* (with him *Mr. Harry R. Wilson, Mr. Wm. L. Corbett* and *Mr. Don. C. Corbett*), for the appellee.

Other than cases cited by defendant, counsel cited: Ackerman v. Fisher, 57 Pa. 457; Neel v. Neel, 59 Pa. 347; Titman v. Titman, 64 Pa. 480.

PER CURIAM:

The single specification of error is that the learned judge refused to instruct the jury that "on the whole evidence, the verdict must be for the defendant." Without discussing the evidence in detail, it is sufficient to say there was ample to go to the jury. There was direct evidence of a contract between the plaintiff and his father, to the effect that, if the former would come home and work his father's farm until the latter could get out of debt, he would compensate him with money or land; that the plaintiff fulfilled his part of the contract, and that his father had never so compensated him, either with money or land, although at one time he had the farm surveyed, and a portion of it run off for the plaintiff. There was not only evidence enough to submit to the jury, but to sustain the verdict.

Judgment affirmed.